**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
NEWARK DIVISION**

| | |
|---|---|
| HYOJA MOORE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>-v-<br><br>SECOND ROUND SUB, LLC and JOHN DOES 1-25,<br><br>Defendant. | Civil Case Number: _____<br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT<br>AND<br>DEMAND FOR JURY TRIAL** |

Plaintiff, HYOJA MOORE (hereinafter, "Plaintiff"), a New Jersey resident, brings this class action complaint by and through her attorneys, Marcus & Zelman, LLC against Defendant SECOND ROUND SUB, LLC (hereinafter "Defendant" or "SRS"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

**INTRODUCTION/PRELIMINARY STATEMENT**

1. Congress enacted the FDCPA in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws . . . [we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate, *id.* § 1692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

5. Plaintiffs brings this class action on behalf of a class of Pennsylvania consumers seeking redress for Defendant's actions of using an unfair and unconscionable means to collect a debt.

6. Defendant's actions violated § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

7. Plaintiff is seeking damages, and declaratory and injunctive relief.

## PARTIES

8. Plaintiff is a natural person and a resident of Sparta, New Jersey, and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

9. Defendant is a collection agency with its principal office located in Austin Texas with a

registered agent located at National Corporate Research, Ltd., 10 East 40th Street, 10th Floor, New York, New York 10016.

10. Upon information and belief, Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

11. Defendant is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

12. John Does 1-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ALLEGATIONS

13. Plaintiff brings claims, pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP") Rule 23, individually and on behalf of the following consumer classes:

    a. The First Plaintiff Class consists of (a) all individuals with addresses in the state of New Jersey (b) who were sent collection letters and/or notices from the Defendant, (c) which stated "Second Round Sub, LLC is required to file a form 1099C with the Internal Revenue Service for any cancelled debt of $600 or more." (d) which was sent on or after a date one year prior to the filing of this action and on or before a date 21 days after the filing of this action.

14. The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collects and/or have purchased debts.

15. Excluded from the Plaintiff Classes are the Defendants and all officers, members, partners, managers, directors, and employees of the Defendants and their respective

3

immediate families, and legal counsel for all parties to this action and all members of their immediate families.

16. There are questions of law and fact common to the Plaintiff Classes, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the form attached as *Exhibit A,* violate 15 U.S.C. §§ 1692e.

17. The Plaintiffs' claims are typical of the class members, as all are based upon the same facts and legal theories.

18. The Plaintiffs will fairly and adequately protect the interests of the Plaintiff Classes defined in this complaint. The Plaintiffs have retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiffs nor their attorneys have any interests, which might cause them not to vigorously pursue this action.

19. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   (a) **Numerosity:** The Plaintiffs are informed and believe, and on that basis allege, that the Plaintiff Classes defined above are so numerous that joinder of all members would be impractical.

   (b) **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Classes and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached

as *Exhibit A*, violate 15 U.S.C. § 1692e.

    (c)    **Typicality:** The Plaintiffs' claims are typical of the claims of the class members. The Plaintiffs and all members of the Plaintiff Classes have claims arising out of the Defendants' common uniform course of conduct complained of herein.

    (d)    **Adequacy:** The Plaintiffs will fairly and adequately protect the interests of the class members insofar as Plaintiffs have no interests that are adverse to the absent class members. The Plaintiffs are committed to vigorously litigating this matter. Plaintiffs have also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiffs nor their counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

    (e)    **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

20. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Classes predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

21. Depending on the outcome of further investigation and discovery, Plaintiffs may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## ALLEGATIONS OF FACT

22. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

23. Some time prior to August 24, 2016, an obligation was allegedly incurred by Plaintiff to GE Capital Retail Bank ("GE").

24. The GE obligation arose out of a personal credit card debt in which money, property, insurance or services, which are the subject of the transactions utilized on the personal credit card, are primarily for personal, family or household purposes.

25. The alleged GE obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

26. GE is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

27. The GE debt was later sold or assigned to the Defendant.

28. Defendant contends that the GE debt is past due.

29. Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and Internet.

30. On or about August 24, 2016, the Defendant caused to be delivered to the Plaintiff a letter ("Letter") in an attempt to collect the alleged GE debt. *See* **Exhibit A.**

31. The Letter was sent or caused to be sent by persons employed by Defendant as a "debt collector" as defined by 15 U.S.C. §1692a(6).

32. The Letter is a "communication" as defined by 15 U.S.C. §1692a(2).

33. The Letter was seeking to collect a balance of $5,667.86 which includes the principal balance plus accrued interest.

34. The Letter stated:

    > "Second Round Sub, LLC is required to file a form 1099C with the Internal Revenue Service for any cancelled debt of $600 or more."

    *See,* Exhibit A.

35. The above statement in the Collection Letter is false, deceptive and misleading.

36. IRS Regulation 1.6050P requires that an 'applicable entity' report a cancellation or discharge of indebtedness under certain circumstances.

37. IRS Regulation 1.6050P-1(d)1-7 includes a list of seven "exceptions from reporting requirements." One such exceptions provides that "[t]he discharge of an amount of indebtedness that is interest is not required to be reported under this section."

38. The Defendant failed to apprise the Plaintiff about the possible exceptions that could apply to the creditor's mandatory reporting requirement, such as the exceptions for interest and other non-principal debts.

39. Thus, the statement that the Defendant would is required to report to the IRS for any discharge of $600 or more is false and misleading.

40. By making this statement, the Plaintiff believed that the only way she could get out of the IRS reporting requirements and avoid any IRS potential issues would have to pay the entire debt, but for $599.99.

41. In reality, Plaintiff only needed to pay the entire principal, but for $599.99 to avoid any IRS reporting.

42. Upon information and belief, Defendant's actions as described herein are part of a pattern and practice used to collect consumer debts, wherein the Defendant needlessly implicates

7

the IRS in its collection efforts.

43. Defendant could have taken the steps necessary to bring its actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

44. On information and belief, Defendant sent a written communication, in the form annexed hereto as **Exhibit A** to at least 50 natural persons residing in the State of Pennsylvania within one year of the date of this Complaint.

## COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692e *et seq.*

45. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

46. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

47. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false representation or deceptive means to collect or attempt to collect any debt.

48. Pursuant to 15 U.S.C. §1692e(5), a debt collector is prohibited from threatening to take any action that is not intended to be taken.

49. Pursuant to 15 U.S.C. §1692e(10), a debt collector is prohibited from utilizing a false representation or deceptive means to collect or attempt to collect a consumer debt.

50. The Defendant violated these sections of the FDCPA by falsely stating that the Defendant had to legally report to the IRS any discharge of $600 or more.

51. Upon information and belief, the Defendant's use of this IRS statement was a 'collection ploy' meant to increase the Defendant's collections. *See, Good v. Nationwide Credit, Inc.,*

55 F. Supp.3d 742 (EDPA 2014).

52. Defendant's invocation of the IRS reasonably suggests that the debtor could get in trouble with the IRS for refusal to pay the debt, or for obtaining any debt forgiveness of $600 or more. *See e.g., Velez v. Enhanced Recovery Company, LLC,* 2016 WL 1730721 (EDPA 2016).

53. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e *et seq.* of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

54. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Marcus & Zelman, LLC as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

(d) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

(e) Awarding pre-judgment interest and post-judgment interest; and

(f) Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: May 31, 2017                               */s/ Ari Marcus*

>Ari Marcus, Esq.
>MARCUS & ZELMAN, LLC
>1500 Allaire Avenue, Suite 101
>Ocean, New Jersey 07712
>(732) 695-3282 telephone
>(732) 298-6256 facsimile
>*Attorneys for Plaintiff*

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: May 31, 2017  /s/ Ari H. Marcus

>Ari Marcus, Esq.

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, Ari H. Marcus, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: May 31, 2017  /s/ Ari H. Marcus

>Ari Marcus, Esq.